FROLING v. SASS.

1. Taxation—Deeds—Erroneous Description.
    Evidence introduced in suit to set aside a tax deed because of erroneous description *held*, sufficient to support trial court's finding that the description of the portion of the lot, actually located in both city and adjoining township, was so indefinite and erroneous as to render the tax sale void.

2. Equity—Laches—Setting Aside Tax Deed.
    Claim of laches in suit to set aside tax deed *held*, without merit, where defense of laches was not pleaded nor claimed and there is no showing of a material change in circumstances which would work a hardship or injustice upon defendant (Court Rule No 23, § 3 [1945]).

3. Costs—Public Question—Tax Deed—Description.
    No costs are allowed on appeal in suit to set aside a tax deed for indefinite description, a public question being involved.

Appeal from Macomb; Carroll (Howard R.), J. Submitted October 5, 1960. (Docket No. 18, Calendar No. 48,287.) Decided January 9, 1961.

Bill by William P. Froling against Dorothy Sass and Frank Szymanski, auditor general of the State of Michigan, to set aside deed, because of indefinite description of property, resulting from tax sale. Decree for plaintiff. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds § 265.
[2] 51 Am Jur, Taxation § 1159.
    Time limitation for attack on tax title as affected by defective description of property in the assessment or the tax deed. 133 ALR 570.

*LaBarge, Hudnut & Cashen* (*James H. Hudnut,* of counsel), for plaintiff.

*Walter R. O'Hair* (*John G. Cross,* of counsel), for defendant Sass.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Jerome Maslowski,* Assistant Attorney General, for defendant Auditor General.

KELLY, J. Appellee filed his bill of complaint alleging that appellant Sass' tax deed, obtained in 1941, is void and of no effect because the land is erroneously described therein and incapable of identification, and prayed that said deed be canceled and set aside. Subsequently Auditor General Frank Szymanski was added as a party to the cause.

A portion of the lot herein involved lies in the city of St. Clair Shores and a portion in Clinton township.

In May, 1938, the lot was sold at the annual tax sale and was listed in legal advertising as follows:

"Village of St. Clair Shores, Deziel Jefferson Gardens, Lot 98, 1926 to 1935, $185.33.   South 3/5 of Lot 98, 1935, $1.22"

and

"Clinton Township, North 2/3 of Lot 98, 1928, $5.22; North 2/5 of Lot 98, 1926 to 1935, $32.77."

The premises were conveyed to the State of Michigan by 3 deeds, in which the property was described as:

Deed No. 1, dated November 29, 1939: "Land in village of St. Clair Shores, described as follows: Deziel Jefferson Gardens, Lot 98";

Deed No. 2, dated November 29, 1939: "Land in village of St. Clair Shores, described as follows: Deziel Jefferson Gardens, South 3/5 of Lot 98"; and

Deed No. 3, dated November 29, 1940: "Township of Clinton, county of Macomb and State of Michigan, known and described as follows, to-wit: North 2/5 of Lot 98; all in Deziel Jefferson Gardens."

On April 19, 1941, the State land office board issued a deed to defendant Sass containing the following description:

"All that certain piece or parcel of land situate and being in the village of St. Clair Shores, county of Macomb, and State of Michigan, known and described as follows, to-wit: Lot 98 of Deziel Jefferson Gardens Subdivision, according to recorded plat thereof."

The portion of the lot in dispute is the south 3/5ths, or that part lying in the city of St. Clair Shores. If title is perfected in the defendant Sass, then the north 2/5ths will be landlocked.

The testimony sustains the court's finding:

"Lot 98 of the aforesaid subdivision is 40 feet in width and 153 feet in depth. It is located on the north side of an east and west street. Immediately in the rear of lot 98 is another lot of the same dimensions. The boundary line between Clinton township and the city of St. Clair Shores traverses lot 98 in a northeast and southwest direction at a point not determinable by an examination of the plat. In fact the municipal boundary line itself has been changed since the plat was recorded as heretofore noted. The northerly portion of lot 98 is the portion of the lot located in Clinton township, on which certificate of error was issued in 1950. This portion of lot 98 is, therefore, landlocked with no right of access to any street."

The only witnesses who testified in regard to the sufficiency of the description, a surveyor and a title officer, both admitted the description was vague and indefinite.

John Lehner, a land surveyor and civil engineer (appellee's witness), answered the court's question as follows:

"*The Court:* All right, suppose Mr. Lehner, suppose you were given 2 descriptions to survey, 1 of them said the north 2/5 of lot 98—well, I should get it right from the exhibits. One of them said land in the township of Clinton, county of Macomb, north 2/5 of lot 98; and land in the village of St. Clair Shores, Macomb county, being the south 3/5 of lot 98. If you took those 2 together, could you, of a certain known subdivision, which is recorded as the evidence shows, in 1925, could you from those 2 survey the lot?

"*A.* Actually your honor, we could not without making an assumption."

The record sustains the trial court's finding "that the description of the portion of the premises in question is so indefinite and erroneous that the tax sale was void."

We dispose of appellants' question in regard to laches by calling attention to the fact that the defense of laches was not pleaded and the record is void of any claim of laches or any showing of material change which would work a hardship or injustice upon defendant. See Court Rule No 23, § 3 (1945), and *Boden* v. *Renihan,* 299 Mich 226, 241.

Affirmed. No costs, a public question being involved.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.

KAVANAGH, J., did not sit.